UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Vismely Alvarado,

       Plaintiff,

vs.

27WYNF&D, LLC

       Defendants.

_____/

## **COMPLAINT**

Plaintiff, Vismely Alvarado ("Plaintiff"), by and through the undersigned counsel, hereby sues 27WYNF&D, LLC and alleges as follows:

1.  This is an action for discrimination based upon Plaintiff's disability and status as a pregnant female pursuant to the Pregnancy Discrimination Act ("PDA"), as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) ("Title VII"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA"), and The Fair Labor Standards Act.

2.  Plaintiff claims damages in excess of $75,000.

3.  Plaintiff is a resident of Miami Dade County, Florida, within the jurisdiction of this Honorable Court.

4.  Defendants are a Florida Corporation and Florida resident authorized to conduct business in Broward County, Florida, where Plaintiff worked for Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff started working for the company on May 20, 2022, as a sous chef.

6. On December 13, 2022, Plaintiff informed Defendant through Francisco Arrom about her pregnancy.

7. Ever since Plaintiff informed Defendant of the pregnancy Defendant started treating Plaintiff differently.

8. Plaintiff was yelled at and told to hurry in the kitchen and also reprimanded for things that before she would not have been reprimanded for.

9. On February 23, 2023, Plaintiff was called to one of the partners' office, Lisandro Orfila.

10. Mr. Orfila told Plaintiff, "We are going to do this quick. Today is your last day" and terminated Plaintiff.

11. Plaintiff timely filed a Charge of Discrimination alleging discrimination on the basis of pregnancy, with the Equal Employment Opportunity Commission, and the Florida Commission on Human Relations.

12. Plaintiff received a right-to-sue notice finding reasonable cause from the EEOC and Florida Commission fewer than ninety days preceding the filing of this Complaint. As such, all conditions precedent, including the exhaustion of administrative remedies, have been met.

13. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

14. The company used to pay Plaintiff overtime at a regular rate.

15. Therefore, the company owes me approximately 130 hours of overtime premiums that went unpaid, from 07/01/2022 to 12/31/2022.

## COUNT I: PREGNANCY DISCRIMINATION UNDER THE PDA AND TITLE VII

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. Plaintiff is a member of a protected class under Title VII.

18. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the Pregnancy Discrimination Act and Title VII.

19. Defendant knew, or should have known, of the discrimination.

20. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the PDA and Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*Wage & Hour Federal Statutory Violation against 27WYNF&D, LLC*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

32.      At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

34.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve

those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

35.     Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

36.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C.  Award Plaintiffs an equal amount in double damages/liquidated damages;

D.  Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted.

Dated: March 28, 2024                    Respectfully submitted,

/s/ Elvis J. Adan

Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000